PROB. 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT

for

## WESTERN DISTRICT OF TENNESSEE

FILED BY _____ D.C.

05 JUN 30 PM 2: 42

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

U.S.A. vs. **LATORYA YVETTE SMITH**                    Docket No.   **2:02CR20293-01**

### Petition on Probation and Supervised Release

**COMES NOW** __CHRISTY J. HENSON__   **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Latorya Yvette Smith who was placed on supervision by the Honorable Samuel H. Mays, Jr., sitting in the Court at Memphis, TN on the 25th day of November, 2002 who fixed the period of supervision at one (1) year*, and imposed the general terms and conditions theretofore adopted by the Court and also imposed Special Conditions and terms as follows:

\*      **Term of Supervised Release Began July 19, 2004**

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

### (PLEASE SEE ATTACHED)
Page 2

**PRAYING THAT THE COURT WILL ORDER a WARRANT** be issued for Latorya Yvette Smith  to appear before the Court to answer charges of violation of Supervised Release.

BOND: _____

**ORDER OF COURT**

Considered and ordered this 30th day of June, 20 05, and ordered filed and made a part of the records in the above case.

_____
**United States District Judge**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 27, 2005

_____
**United States Probation Officer**

Place: Memphis, TN

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 6-30-05

18

PROB 12
SMITH, Latorya Yvette
Docket No.2:02CR20293-01
Page 2


**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**THE DEFENDANT HAS VIOLATED THE FOLLOWING CONDITION OF SUPERVISED RELEASE:**

**The defendant shall not commit another federal, state, or local crime.**

On June 10, 2005, Latorya Yvette Smith was arrested and charged  for Theft $10,000.00 to $60,000.00.   The Affidavit of Complaint stated, Ms. Smith, while employed with Family Dollar at 3338 Austin Peay, Memphis, TN failed to scan the merchandise of acquaintances who were in the checkout line.  Ms. Smith then allowed the acquaintances to leave the store without paying for the merchandise.   Ms. Smith admitted to investigators she caused Family Dollar to loose merchandise totaling anywhere from $10,000.00 - $12,000.00 over a six (6) month period.  Ms. Smith signed a letter admitting her participation in the theft.  Ms. Smith is in custody and set for Court in  General Session  Division 12 on July 11, 2005.

# VIOLATION WORKSHEET

1. Defendant _____ LATORYA YVETTE SMITH ( 620 Hailey Road, Memphis , TN 38134)_____

2. Docket Number (Year-Sequence-Defendant No.)_____ 2:02CR20293-01_____

3. District/Office _____ Western District of Tennessee (Memphis)_____

4. Original Sentence Date     <u>11</u>     <u>25</u>     <u>02</u>
                              month       day        year

*(If different than above):*

5. Original District/Office _____

6. Original Docket Number (Year-Sequence-Defendant No.) _____

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation{s} | Grade |
|---|---|
| **New criminal conduct: Theft $10, 000.00 - $60,000.00** | **B** |
| | |
| | |
| | |
| | |

8. Most Serious Grade of Violation (see §7B1.1(b)     **B**

9. Criminal History Category (see §7B1.4(a))74     **I**

10. Range of imprisonment (see §7B1.4(a)

| 4 - 10 months |
|---|

Statutory Maximum: One (1) Year

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

{X } (a)     If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c) (1) provides sentencing options to imprisonment.

{ } (b)     If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c) (2) provides sentencing options to imprisonment.

{ } (c)     If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

Defendant    LATORYA YVETTE SMITH

**12.    Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____ N/A _____        Community Confinement _____ N/A _____

Fine ($) _____ N/A _____        Home Detention _____ N/A _____

Other _____ N/A _____        Intermittent Confinement _____ N/A _____

**13.    Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

Term: _____ N/A _____ to _____ N/A _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____ 0 _____

**14.    Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**15.    Official Detention Adjustment {see §7B1.3(e)}: months _____ days _____**

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 18 in
case 2:02-CR-20293 was distributed by fax, mail, or direct printing on
June 30, 2005 to the parties listed.

---

Tony R. Arvin
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT